BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**SCOTT E. BRADFORD, OSB #062824**
Assistant United States Attorney
Scott.Bradford@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Attorneys for United States of America

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:17-CR-00239-HZ** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **BRADLEY CARTER,** | |
| **Defendant.** | **Sentencing: October 16, 2017 at 11:00 a.m.** |

The United States of America, by and through Billy J. Williams, United States Attorney for the District of Oregon, and Scott E. Bradford, Assistant United States Attorney, submits this sentencing memorandum, respectfully recommending that the Court sentence defendant to 8 months of incarceration and order defendant to pay $19,600 in restitution.  The sentencing hearing is currently set for October 16, 2017, at 11:00 a.m.

**STATUS OF THE CASE**

On July 2, 2017, defendant, pursuant to a plea agreement, pleaded guilty to a one-count information in which he was charged with violating 18 U.S.C. § 1030(a)(2), intentionally accessing a protected computer without authorization.  Specifically, he was charged with accessing, without authorization, the system of a third party vender for Safeway, the grocery

store chain, which stored customer information, including personal identifying information ("PII"). Impersonating a Safeway employee, defendant used that information to make harassing phone calls to Safeway customers. He recorded the harassing phone calls and posted them to various online forums, including YouTube. Defendant did this to drive traffic to his YouTube channels, to obtain additional subscribers and page views, and to secure additional advertising revenue—that is, he did this for purposes of a commercial advantage and private financial gain. Moreover, in doing so, defendant intended to cash in on the customers' emotional distress from defendant's intrusion into their privacy. The loss associated with defendant's illegal conduct is $19,600, and it includes costs associated with mitigating defendant's conduct, legal expenses, and other security, investigative, and forensic costs.

## THE PRESENTENCE REPORT

The presentence report (PSR) accurately sets forth the underlying facts in this case. As noted in the plea agreement and the PSR, the government agreed to recommend a 1-level downward variance to defendant's offense level, and does so now, to recognize defendant's early resolution of this case. The PSR correctly reflects this downward variance and contains an accurate calculation of the applicable advisory sentencing guideline provisions, including defendant's criminal history score: total offense level of 11; criminal history category of I; and an advisory guideline range of 8-14 months (Zone B).

## RESTITUTION

Regarding restitution, defendant, as part of the plea agreement, agreed to pay $19,600 in restitution pursuant to 18 U.S.C. § 3663A, the Mandatory Victim Restitution Act ("MVRA"). The MVRA makes restitution mandatory for offenses involving fraud or deceit without consideration of a defendant's economic circumstances. 18 U.S.C. § 3663A(a)(1), (a)(2), and

**GOVERNMENT'S SENTENCING MEMORANDUM**                                    **Page 2**

(c)(1)(ii); 18 U. S.C. § 3664(f)(1)(A).  Restitution includes losses directly resulting from defendant's criminal conduct and includes losses relating to the count of conviction and relevant conduct.  *United States v. Andrews*, 600 F.3d 1167, 1170-71 (9th Cir. 2010); *United States v. Bright*, 353 F.3d 1114, 1120-21 (9th Cir. 2004).  In this case, the evidence shows, and defendant agrees, that his criminal conduct resulted in a $19,600 loss to Safeway.  Accordingly, this Court should order defendant to pay $19,600 in restitution.

## SENTENCING RECOMMENDATION

Defendant's conduct constitutes more than a practical joke or a prank that went too far. He intentionally stole Safeway's customers' PII from a protected computer to publically embarrass them for his personal financial benefit.  By doing so, he victimized Safeway and its customers.  He also damaged Safeway's reputation with those customers, something that is difficult to quantify.  Such conduct is deserving of more than a simple probationary sentence  An 8-month term of incarceration is appropriate and reasonable given defendant's illegal conduct and the factors outlined in 18 U.S.C. § 3553(a)–that is, this sentence contemplates the nature and circumstances of the offense and the history and characteristics of the defendant, reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from further crimes of the defendant.

///

///

///

///

///

**GOVERNMENT'S SENTENCING MEMORANDUM**                                      **Page 3**

## CONCLUSION

Based on the foregoing, the plea agreement, and the PSR, the government submits a reasonable sentence for this defendant in this case is 8 months of incarceration.  Additionally, the Court should order defendant to pay $19,600 in restitution.

Dated this 11th day of October 2017.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*s/ Scott E. Bradford*

SCOTT E. BRADFORD, OSB #062824
Assistant United States Attorney

**GOVERNMENT'S SENTENCING MEMORANDUM**                                    **Page 4**